**Charles J. HERMAN, Jr.,
Plaintiff–Appellant,**

v.

**CATTRON, INC.; North Star BHP
Steel, Inc.; and Relco Locomotives,
Inc., Defendants–Appellees.**

No. 02–4388.

United States Court of Appeals,
Sixth Circuit.

April 3, 2004.

Before MERRITT and DAUGHTREY,
Circuit Judges, and HOOD,* District
Judge.

PER CURIAM.

This appeal is from the district court's grant of summary judgment to the defendants in an action for wrongful death involving Barbara Corbin, an employee of defendant North Star BHP Steel, Inc. Corbin was using a remote control device manufactured by defendant Cattron, Inc., to operate a locomotive supplied by defendant Relco Locomotives, Inc., when she somehow fell under the train and was killed. The plaintiff is Barbara Corbin's father, who, acting as her personal representative, charged Cattron and Relco with manufacturing defective products and North Star with committing an intentional tort by failure to warn, all of which was alleged as the proximate cause of Corbin's death.

The district court, sitting in diversity, applied controlling Ohio law, notably *Gedra v. Dallmer Co.*, 153 Ohio St. 258, 91 N.E.2d 256 (1950), and held that because Corbin's death could have resulted from any one of three possible causes, the plaintiff had the burden of producing evidence that would exclude those causes for which the defendants were not legally responsible. The court found, however, that "no one, including the plaintiff, knows what caused Ms. Corbin to be in the path of the train just before it struck her," and held that because two of the potential causes of her death would not have involved liability on the part of any of the defendants, the plaintiff's complaint could not survive the defendants' motion for summary judgment.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order entered on October 4, 2002.

---

* The Hon. Joseph M. Hood, United States District Court for the Eastern District of Kentucky, sitting by designation.